IN THE UNITED STATES DISTRICT COURT FOR THE
                      WESTERN DISTRICT OF MISSOURI
                            WESTERN DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-0270-CV-W-REL |
| ) | |
| GARRY LEWIS d/b/a GARRY LEWIS ) | |
| PROPERTIES, ) | |
| ) | |
| GARRY L. LEWIS, ) | |
| ) | |
| BRENDA G. LEWIS, ) | |
| ) | |
| G LEWIS-MISSOURI LLC, ) | |
| ) | |
| EARTH RESOURCES ENGINEERING, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the court is a motion to dismiss, to transfer to the Middle District of Louisiana, or to stay the proceedings pending the outcome of a case currently pending in Louisiana State Court. For the reasons outlined below, the case will be dismissed as to defendants G Lewis-Missouri LLC and Earth Resources Engineering, Inc., with the consent of plaintiff; and the remainder of the case will be dismissed without prejudice.

### *I.   BACKGROUND*

On February 7, 2009, Paulino Romelio Martinez-Vasquez was using a Bobcat 763 skid steer loader at 1201 Airline Highway, Baton Rough, Louisiana, when he was killed after becoming trapped between the front end loader or bucket and the frame body.

Martinez-Vasquez's widow and surviving children filed a wrongful death action in the 19th Judicial District Court, Parish of East Baton Rough, Louisiana. The defendants in that state-court suit are Garry Lewis individually, Garry Lewis d/b/a Garry Lewis Properties, G Lewis Louisiana LLC, Lewis & Lewis, Inc., Massachusetts Bay Insurance Company, and United Fire & Casualty Company, among others. The petition (and its amendments) allege that United Fire & Casualty Company ("UFC") insured Garry Lewis individually, Garry Lewis Properties, Lewis & Lewis, Inc., and G Lewis Louisiana, LLC.

UFC filed the instant declaratory judgment action in the Western District of Missouri, naming Garry Lewis d/b/a Garry Lewis Properties, Garry Lewis, Brenda Lewis, G Lewis Missouri LLC, and Earth Resources Engineering, Inc., as defendants. UFC seeks a judgment declaring that its policy issued to Garry Lewis does not provide coverage with respect to the claims asserted in the Louisiana lawsuit and that it is not obligated to defend or indemnify anyone in that lawsuit.

Massachusetts Bay Insurance Company (not a party to the instant action but a defendant in the state court action) filed a similar declaratory judgment action in the Middle District of Louisiana. That court granted a motion to dismiss without prejudice on the ground that the entire case could best be litigated in the Louisiana state court action.

2

On June 1, 2011, defendants filed a motion to dismiss (document number 28) seeking dismissal on the same grounds as those asserted by Massachusetts Bay Insurance Company in federal court in the Middle District of Louisiana.  In the alternative, defendants request a stay or a transfer to the federal court in Louisiana.

Additionally, defendants G Lewis Missouri LLC and Earth Resources Engineering, Inc., move for dismissal as to them on the ground that there is no actual or likely case or controversy between them and the plaintiff insurer, as neither of those defendants was named in the wrongful death action in Louisiana.

On June 28, 2011, plaintiff filed a response (document number 31) (1) agreeing to dismiss defendants G Lewis Missouri LLC and Earth Resources Engineering, Inc., since they were not named in the underlying action in Louisiana state court, (2) arguing that Missouri is the proper venue for this matter because "the insurance contract at issue . . . was issued in the state of Missouri, defendants Lewis, et al. are residents of the state of Missouri, and Missouri law controls the coverage issues in this declaratory  judgment action", and (3) arguing that it has already undertaken great time and expense "to serve the Missouri insureds with this declaratory judgment action" and has already filed a motion for summary judgment.

## II. MOTION TO DISMISS

In general, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Col. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). However, "[f]ederal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act." Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 792 (8th Cir. 2008). The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201.

In Wilton v. Seven Falls Company, 515 U.S. 277 (1995), the Supreme Court confirmed the application of the discretionary standard set forth in Brillhart v. Excess Insurance Company of America, 316 U.S. 491 (1942), to a declaratory judgment action when there is a pending parallel state proceeding. In Wilton v. Seven Falls Company, the Court pointed specifically to the use of the term "may" in the Act, and held that a federal court has considerable discretion in deciding whether to decide a case under the Declaratory Judgment Act. Wilton v. Seven Falls Company, 515 U.S. at 286. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts

unique and substantial discretion in deciding whether to declare the rights of litigants." Id. The Act is properly characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Id. at 287 (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

In Wilton v. Seven Falls Company, a federal district court abstained from deciding a declaratory judgment action because a related declaratory judgment case was already pending in state court. 515 U.S. at 280. The Supreme Court confirmed that the district court had acted within the bounds of its discretion because the parallel state action "present[ed] opportunity for ventilation of the same state law issues," and thus abstention in the federal action was proper. Id. at 290.

Following the Supreme Court's decision in Wilton, a number of courts in this circuit have abstained from declaratory actions. See, e.g. Royal Indemnity Co. v. Apex Oil Co., 511 F.3d 788 (8th Cir. 2008) (staying a federal declaratory judgment action because a parallel state court case was underway); Horne v. Firemen's Ret. Sys. of St. Louis, 69 F.3d 233 (8th Cir. 1995) (dismissing a federal declaratory judgment action for the same reason).

To have the discretion to abstain in a declaratory judgment case, I must find that the parallel state court proceeding

presents "the same issues, not governed by federal law, between the same parties," and I must consider "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Brillhart, 316 U.S. at 495; see also Royal Indemnity, 511 F.3d at 793.

This case involves the same parties as the state court proceedings: United Fire & Casualty Company and Garry Lewis d/b/a Garry Lewis Properties. Although Brenda Lewis is not named in the Louisiana state court action, Brenda Lewis is named in this declaratory action only because she is a named insured on the policy along with Garry Lewis (see page 2, paragraph 4 of plaintiff's amended complaint). There is no other mention of Brenda Lewis in the case before me.

The issues in the state court case are not governed by federal law, and the issues of insurance coverage and liability will be decided in that case.

The defendants are amenable to process in Louisiana because, despite plaintiff's assertion in its response to the present motion, the defendants live in Louisiana, not in Missouri. In its motion for additional time to serve the defendants, plaintiff stated that Garry Lewis had moved to Baton Rouge, Louisiana. The returns of service indicate that the defendants were served in

Baton Rouge, Louisiana.

All of the same parties in this lawsuit are named in the state court lawsuit with the exception of Brenda Lewis. However, the only mention of Brenda Lewis in all of plaintiff's pleadings in this case is that she was listed on the insurance policy along with her husband, Garry Lewis.

All parties are amenable to process in the state case, all necessary parties have been joined, both the state and federal proceedings involve the same issue, the issue is one governed solely by state law, any decision rendered in the state court case "will fully dispose of the claims presented" in the case before me. See Fru-Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 535 (8th Cir. 2009).

The Eighth Circuit has instructed that the key consideration in a district court's decision to abstain in a declaratory judgment action is "to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court" taking into consideration the "scope and nature of the pending state court proceeding." Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000) (citing Brillhart, 316 U.S. at 495).

In Haverfield, the Eighth Circuit held that a district court had abused its discretion when it denied a motion to dismiss a federal action in favor of a parallel state court proceeding.

Haverfield, 218 F.3d at 875. In Haverfield, as here, an insurer filed a declaratory action in federal court asking the court to declare that an insured's policy claim was excluded under the policy. Id. at 873-74. A state court entered judgment in an underlying state negligence action while the federal court declaratory action was still pending. Id. at 874. The party to whom judgment was owed filed a state court action to collect judgment from the insurance company based on policy coverage. Id. The federal court declined to abstain and the state court and the federal court reached opposite conclusions on whether the claim was excluded under the policy. Id. The Eighth Circuit held that the state court was in the better position to adjudicate the matter, and that, accordingly, the district court should have abstained from deciding the issues. Id. at 875.

Where a "parallel state court action [is] pending that present[s] the same issues between the same parties," and where "both actions [are] governed solely by state law," allowing the federal action to proceed would be "unnecessarily duplicative and uneconomical." Id. Here, I find that the issue of whether United Fire & Casualty owes a duty to defend and indemnify the Lewis defendants -- whether coverage exists under the policy -- would be better settled by the state court in the wrongful death action. The question is one involving solely state law, and the claims of all parties in interest can be satisfactorily

8

adjudicated in the state court case.  Permitting this federal action to proceed would be unnecessarily duplicative and uneconomical.

### *III. CONCLUSION*

After considering the facts of this case in light of the applicable law, it is readily apparent that a Brillhart abstention is appropriate here.

Therefore, it is

ORDERED that defendants' motion to dismiss G. Lewis Missouri LLC and Earth Resources Engineering, Inc., is GRANTED with the consent of plaintiff.  It is further

ORDERED that defendants' motion to dismiss the case as to the remaining defendants is granted.  It is further

ORDERED that this dismissal is without prejudice.  It is further

ORDERED that the pending motion for summary judgment (which can easily be filed in the state court case) is denied without prejudice.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
September 16, 2011